PHILIP SMITH and SOLOMON BARNUM
*against*
JAMES FORBES.

Decision on
the mode of
pleading to a
declaration for
betterments,
filed under the
act of *Novem-
ber 5*, A. D.
1800.

CASE. Declaration for betterments,† filed *Ja-
nuary* term, A. D. 1801.

The plaintiffs declared, that on the 24th of *May*,
1793, they purchased by deed a title to Lot No. 31.

———

* Vide *ante*, this volume, page 221. *Zachariah Childs*, As-
signee of *Rankin*, sheriff, v. *James Morse* and *Levi Osgood*.

*Vermont* Stat.
vol. 1. p. 209.

† The above declaration was filed under an act, entitled, an
act for the purpose of regulating suits respecting landed pro-
perty, and directing the mode of proceeding therein, passed
*November* 5, A. D. 1800.

" Preamble. Whereas many persons have purchased sup-
posed titles to lands within this State, and have taken posses-
sion of such lands under such supposed titles, and have made
large improvements on the same, who at the time of pur-
chasing supposed such titles to be good and valid in law ; and
whereas many of such titles may prove defective by loss of re-

in the third division in the town of *Shoreham*, drawn
to the original right of *James Forbes*, junior, sup-
posing at the time of purchase, such title to be good
and valid in law ; that they entered into and took
possession of the land on the day of the date of the
deed, and have made large improvements on the
same, (setting forth the improvements particularly,)
to the amount of 500 dollars. That the now de-

Smith and Bar-
num
v.
Forbes.

---

cords, the neglect or laches of others in the chain of title, or
from other causes, and who, if the strict rules of the common
law be attended to, may be turned off from their possessions
and improvements on such lands so by them made at great
expense, without any compensation or rewards for such *better-
ments.*

" Sect. 1. It is hereby enacted, &c. That when any person
or persons in the actual possession or improvement of lands
within this State, who had purchased them, or those under
whom they hold had purchased a title to said lands, supposing,
at the time of such purchase, such title to be good in fee, and
having, in consequence of such purchase, entered and made
improvements upon such lands, and shall or have been prose-
cuted or sued for the recovery of such lands before any Court
by action of ejectment, or any other real or possessory action,
and judgment shall be hereafter rendered against such person
or persons in possession as aforesaid, such person or persons,
against whom judgment shall thus be finally given, shall have
right by action to recover of the person or persons in whom
the legal title shall be found by such judgment, such sum or
sums of money as shall be found on the trial of such action,
that he, she, or they, or those under whom they hold, have
made the lands so described in the plaintiff's declaration better
or of more value by such betterments than it otherwise would
have been, had no such improvements been made thereon ; and
the mode of process shall be, that the recoveree or recoverees
in such action as aforesaid, shall, within forty-eight hours after
such judgment, or during the sitting of the Court in which

Smith and Barnum v. Forbes.

fendant instituted an action of ejectment against them, (setting forth the proceedings in ejectment,) and at the term of the Supreme Court of Judicature, *January*, A. D. 1801, he recovered judgment final against them for the possession of the premises; for the recovery of which, &c.

To this declaration the defendant put in the following plea in bar.

First. That the plaintiffs have not possessed and improved said land in said declaration mentioned, ever since the 24th of *May*, 1793.

Secondly. Nor have the plaintiffs made the said lot of land better and of more value by their supposed betterments and improvements on the same, than it otherwise would have been if no such improvements or betterments had been made thereon, and of this he puts himself on the country.

Objected by the plaintiffs, that this plea is double.

*Sed per Curiam.* The statute under which the declaration has been filed is a creature of the Legislature *sui generis*, applying a remedy to an injury peculiar to the settlement of lands in a new country,

---

such judgment is had, file a declaration in an action of the case against the recoveror or recoverors for so much money as the estate is made better as aforesaid, in the clerk's office of the Court in which such judgment was obtained, which shall be sufficient notice to such recoveror or recoverors to appear and defend in such action at the next session of the said Court; and the Court, on the entry of such action, shall order all proceedings staid on the first action, until the action so filed shall be determined," &c.

and cannot be made subject to any strict rules of pleading. It seems the Legislature have so considered it, by the provision in the second section, " that so often as judgment shall be rendered on demurrer, or any plea in abatement in favour of the defendant or defendants in such action for betterments, the plaintiff or plaintiffs, within twenty-four hours after such judgment, or during the sitting of the Court, shall have liberty to file another declaration for the purposes intended by this act."

. It may, however, be observed, that although this plea is very unskilfully drafted, and seems to traverse two distinct points, yet in essence it only goes to one, to wit, negating the plaintiffs' having made the land better since they went into possession in the year 1793, as set forth in the declaration.

This is the first instance in which the Court have ever heard any objections to a plea until after joinder in demurrer; but as the practice under this act has not been well established, they were inclined to indulge the parties. Let the plaintiffs now elect either to enter a formal demurrer to the plea, and risk the decision of the Court, or to join issue.

The plaintiffs joined issue, and had leave to enter a nonsuit on trial.

*Chipman* and *A. Marsh,* for plaintiffs.
*Samuel Miller* and *Moses Strong,* for defendant.